IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEONARD ANTHONY MITCHELL,
SHERRI GAYLE MITCHELL,
    Plaintiffs,

vs.                                    Case No.:  3:12cv15/MCR/EMT

UNITED STATES OF AMERICA,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court on Defendant's motion to dismiss for lack of jurisdiction, with supporting exhibits (doc. 8).  Plaintiffs filed a response in opposition to the motion with supporting exhibits (docs. 14, 15).

I.      BACKGROUND[1]

       Plaintiffs Leonard Anthony Mitchell and Sherri Gayle Mitchell ("the Mitchells") initiated this action under 28 U.S.C. § 1346, the Federal Tort Claims Act ("FTCA"), seeking $1,600,000.00 in damages arising from the allegedly negligent act of an employee of the United States Navy (doc. 1).  They allege on May 6, 2005, they submitted an "Application for Uniformed Services Identification Card DEERS Enrollment" on behalf of Mrs. Mitchell (doc. 1 at 3; doc. 15, Ex. 1).[2] DEERS is the acronym for Defense Enrollment Eligibility Reporting System, which is a computerized database maintained by the Department of Defense that maintains eligibility information for TRICARE, the health care program for service members, retirees, and dependants (*see* doc. 8 at 2; doc. 15, Ex. 10).  TRICARE contractors use DEERS to verify eligibility when

---

[1] Matters set forth as "facts" herein for purposes of evaluating the merits of the jurisdictional issue may not be the actual facts.

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

processing claims (doc. 15, Ex. 10).  The Mitchells submitted the DEERS application at the Personnel Support Detachment ("PSD") at the Naval Air Station in Pensacola (doc. 1 at 3; doc. 8 at 2; doc. 15, Ex. 1).  The Mitchells allege that the PSD clerk who prepared the application incorrectly stated Mrs. Mitchell's social security number ("SSN") as ending in 9138, instead of 9168 (doc. 1 at 3; doc. 15, Exs. 1, 2).  They further allege that on May 1, 2009, Mrs. Mitchell applied for re-issuance of her ID card, and during that process, her correct SSN was stated on the application (doc. 1 at 3).  At that time, TRICARE determined Mrs. Mitchell had been erroneously enrolled in TRICARE from May 3, 2005 to June 30, 2010, because she was only eligible for "Direct Care Only" (doc. 15, Ex. 10).[3]  "Direct Care Only" allowed her to receive benefits for medical services only at a "Military Treatment Facility," not a civilian facility (*id.*).  During that period of erroneous enrollment in TRICARE, Mrs. Mitchell received medical services at civilian facilities, and TRICARE  reimbursed those medical providers for services rendered (doc. 1 at 3–4; doc. 15, Ex. 10).  However, when TRICARE discovered her erroneous enrollment, on May 1, 2009, it initiated recoupment of all benefits it had paid to civilian providers (*id.*).  This left Mrs. Mitchell liable to those service providers for payment of the medical services she received (doc. 1 at 3–4; doc. 15, Exs. 10, 16).[4]  Mrs. Mitchell became eligible for TRICARE on July 1, 2010, when she purchased Medicare Part B (doc. 15, Exs. 4, 10).

The Mitchells filed administrative tort claims with the Navy on February 2, 2011, but they had not received a final decision as of the date of filing of the instant lawsuit, January 9, 2012  (*see*

---

[3] The inaccurate statement of Mrs. Mitchell's SSN in May of 2006 caused DEERS to indicate that her name did not match her date of birth, and apparently caused the absence of an indication that Mrs. Mitchell was eligible for Medicare Part A at that time (*see* doc. 1 at 4–5; doc. 15, Exs. 4, 5, 6, 14).  Persons who are not eligible for Medicare Part A are not required to purchase Medicare Part B in order to receive TRICARE coverage (doc. 15, Ex. 10).  However, persons who are eligible for Medicare part A are required to purchase Medicare Part B to receive TRICARE coverage (*id.*).  Presumably, because DEERS did not indicate Mrs. Mitchell was eligible for Medicare Part A in May of 2005, she was deemed eligible for TRICARE.  When she applied for re-issuance of her ID card, and her correct SSN was entered into DEERS, DEERS verified that Mrs. Mitchell was eligible for Medicare Part A since August 2, 2001, and was therefore ineligible for TRICARE unless she purchased Medicare Part B (doc. 15, Exs. 5, 6, 10, 14).  Had her correct SSN been entered in May of 2006, she would not have been enrolled in TRICARE and would have been enrolled in "Direct Care Only" unless and until she purchased Medicare Part B (doc. 15, Ex. 10).

[4] TRICARE refunded the TRICARE premiums paid by the Mitchells during the period of ineligibility (doc. 15, Ex. 10).

Case No.: 3:12cv15/MCR/EMT

doc. 1 at 5; doc. 15, Ex. 8).  The Mitchells seek monetary damages in the amount of $1,600,000.00 as compensation for the medical expenses for which they are now liable for the period May 6, 2005 to May 1, 2009, and the damage to their credit histories (doc. 1 at 4–5).  They also appear to seek compensation for pain suffered by Mrs. Mitchell due to her untreated rheumatoid arthritis during the period she was not covered by TRICARE.

The United States filed a motion to dismiss this action for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that the Mitchells failed to present their administrative tort claims to the Navy within two (2) years of the date their claims accrued, as required by 28 U.S.C. § 2401(b) (doc. 8).

II.    ANALYSIS

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).  Attacks on subject matter jurisdiction may be facial or factual.  *See* Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir.1990).  "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purpose of the motion."  Stalley v. Orlando Reg'l Heathcare Sys., Inc., 425 F.3d 1229, 1232–33 (11th Cir. 2008) (citing McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1250 (11th Cir. 2007)).  By contrast, "a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony."  *Id.* at 1233 (citing McElmurray, *supra*); *see also* Garcia v. Copenhave, Bell & Assoc., M.D.'s P.A., 104 F.3d 1256, 1260–61 (11th Cir. 1997).

"When defending against a facial attack, the plaintiff has 'safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised,' and 'the court must consider the allegations in the plaintiff's complaint as true.'"  Stalley, 425 F.3d at 1233 (quoting McElmurray, *supra*).  However, when conducting a factually based jurisdictional review, the district

court may consider extrinsic evidence such as testimony and affidavits and independently weigh facts. *See* Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (citing Lawrence, 919 F.2d at 1529). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts does not preclude the court from evaluating the merits of the jurisdictional issue. *Id.* (citing Lawrence, *supra*). At all times, "the burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim." Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005); Lovern, 190 F.3d at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)).

In the instant case, the United States presents a factual attack to the court's jurisdiction (doc. 8 at 3). The United States contends the injury that the Mitchells allege, which the United States identifies as the incorrect entry of Mrs. Mitchell's SSN, occurred on May 6, 2005, yet the Mitchells did not file their administrative claims until February 2, 2011 (*id.* at 4). The United States argues that the Mitchells cannot claim they did not know of the injury on May 6, 2005, because both of them signed the DEERS enrollment application which incorrectly stated Mrs. Mitchell's SSN (*id.* at 4, Ex. 2). The United States contends the Mitchells knew or should have known of the incorrect entry on May 6, 2005; therefore, their FTCA claim accrued, for statute of limitations purposes, at that time (*id.*).

In their response in opposition to the motion to dismiss, the Mitchells contend they were not injured until May 1, 2009, when TRICARE determined Mrs. Mitchell was not eligible for TRICARE and never had been, and then sought to recoup the benefits paid to Mrs. Mitchell's civilian medical care providers, leaving the Mitchells liable for the cost of those services (doc. 14 at 1, 4). They state they provided true and accurate information to the PSD clerk, and by signing the application, they did not verify that the information on the application was correct; Mr. Mitchell merely certified he provided accurate information to the clerk, and Mrs. Mitchell merely acknowledged receipt of her ID card (*id.* at 2; doc. 15, Ex. 1).

The FTCA requires that a tort claim against the federal government be filed with the appropriate agency within two years after the claim accrues. *See* 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to

the appropriate Federal agency within two years after such claim accrues"). The FTCA's statute of limitations is jurisdictional. *See* In re FEMA Trailer Formaldeyde Prod. Liab. Litig., 646 F.3d 185, 189 (11th Cir. 2011) (citing Flory v. U.S., 118 F.3d 157, 159 (5th Cir. 1998)); *see also* Center for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006) ("Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed.") (citation omitted). Although the FTCA does not define when a claim accrues, it is well-settled that a tort action under the FTCA accrues on the date the injury occurred. *See* U.S. v. Kubrick, 444 U.S. 111, 120, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979); Diaz v. U.S., 165 F.3d 1337, 1339 (11th Cir. 1999); Price v. U.S., 775 F.2d 1491, 1493 (11th Cir. 1985).

      In the instant case, the allegedly tortious conduct occurred on May 6, 2005, when the PSD clerk incorrectly stated Mrs. Mitchell's SSN on the DEERS enrollment application. However, the Mitchells were not injured until May 1, 2009, when TRICARE determined Mrs. Mitchell was ineligible for coverage and had been ineligible since May 6, 2005. Indeed, the Mitchells could not have brought their FTCA claim on May 6, 2005, because they were not actually harmed at that point and thus could not have alleged the elements of a negligence claim. *See* Ochran v. U.S., 273 F.3d 1315, 1317 (11th Cir. 2001) (explaining that "the [FTCA's] reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA."); Williams v. Davis, 974 So. 2d 1052, 1056 (Fla. 2007) (under Florida law, a claim of negligence requires the establishment of four elements: (1) the defendant owed a duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks, (2) the defendant failed to conform to that duty, (3) there is a reasonably close causal connection between the nonconforming conduct and the resulting injury to the plaintiff, and (4) the plaintiff suffered some actual harm) (citations omitted). Therefore, the undersigned concludes the Mitchells' FTCA claim accrued on May 1, 2009. *Cf.*, Rease v. Harvey, 238 Fed. Appx. 492, 496, 2007 WL 1841080, at *2–3 (11th Cir. 2007) (unpublished) (statute of limitations on former serviceman's claims against the government arising from alleged errors with his Army discharge, including that he did not receive pre-separation counseling or a complete transmittal of

his medical records and that he did not receive medical separation or military disability benefits, began to run when serviceman was discharged from the Army, because at that time he was aware of his physical injury and that he was not receiving medical separation or disability benefits);[5] Zied v. Barnhart, 418 Fed. Appx. 109 (3d Cir. 2011) (limitations period applicable to social security disability claimant's Privacy Act claim, that she was unable to gain access to certain records which led the Social Security Administration to erroneously conclude she no longer had an eligible child in her care, began to run at the time her eligible child benefits were stopped, and she thus knew of the harm caused by the Privacy Act injury).

The Mitchells filed their administrative claims on February 2, 2011 (*see* doc. 8 at 4, Exs. 5, 5A), within two years of May 1, 2009. Therefore, the United States's motion to dismiss this action on jurisdictional grounds should be denied.[6]

Accordingly, it is respectfully **RECOMMENDED**:

That Defendant's motion to dismiss for lack of jurisdiction (doc. 8) be **DENIED**.

At Pensacola, Florida, this 14th day of June 2012.

/s/ Elizabeth M. Timothy
**ELIZABETH TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**

---

[5] The undersigned cites Rease only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

[6] The jurisdictional determination does not constitute a determination as to the merits of any affirmative defense or other bar to recovery that the United States may assert.

Case No.: 3:12cv15/MCR/EMT